FREDERICK KAFER *vs.* CATHERINE R. HARLOW & another.

In an action on a replevin bond, to recover the value of the replevied property, evidence is inadmissible in defence to show the appraisement of the value of the property by the appraisers in the replevin suit.

It is no defence to an action on a replevin bond, in which the plaintiff seeks to recover the value of the replevied property, to show that he took out and collected an execution for costs on the judgment in his favor in the replevin suit.

CONTRACT against the administrators of William H. Harlow, upon a replevin bond executed by him, in an action of replevin brought by him against the plaintiff, in which the present plaintiff recovered judgment for a return of the property replevied, with nominal damages and costs.

At the trial in the superior court, before *Wilkinson*, J., the defendant, for the purpose of proving the value of the property replevied, offered to prove, by the record in the former action and by the certificate of the appraisers, the appraisement made in that action ; but the evidence was excluded. It appeared that the plaintiff had collected on execution the costs in the former action ; and the judge ruled that this was no bar to the present action.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

No counsel appeared for the defendants.

*S. J. Thomas*, for the plaintiff.

CHAPMAN, J. The appraisers' certificate of the value of the property was rightly excluded. The plaintiff was defendant in that suit, and took no part in procuring the appraisement. It cannot in any sense be regarded as his act, nor the certificate as his admission as to the value. The case is unlike that of *Sanborn* v. *Baker*, 1 Allen, 526, where, in an action against an

officer for wrongfully taking the plaintiff's property, his return, stating an appraisement which he had caused to be made, was held to be competent evidence against him on the question of value. It was his statement of an act in which he had partici- pated as a wrongdoer against the plaintiff. But the certificate offered in this case is a statement by strangers to the plaintiff of what they have done, and expresses their opinion only as to the value.

The ruling was also correct that the plaintiff's right to main- tain this action is not barred by the act of collecting his costs on his execution. The law gave him that remedy for costs, in addition to this suit on his bond for the value of the property, if not returned, and for damages. His collection of costs is not to be regarded as the severance of a single cause of action, and recovering a judgment for a part; and the objections that exist in such case against a second action to recover the residue have no application to this case. *Exceptions overruled.*